RALPH HENDRICKSON, RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, A CORPORATION, APPELLANT.

---

B. F. FOWLER COMPANY, INCORPORATED, RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, A CORPORATION, APPELLANT.

Argued October 23, 1925—Decided February 1, 1926.

Plaintiff was driving a truck for his employer and was engaged in hauling goods from a freight car of the defendant railroad company which it had placed upon its siding on its right of way east of and adjacent to its main tracks, and hard by a public highway crossing at which it had installed safety gates. The railroad company had so arranged its premises that access to this freight car was had from that part of the crossing inside the safety gates and along a driveway on the railroad premises. Plaintiff proceeded along the public highway in a westerly direction and drove without warning through the open and stationary gates (at the edge of the right of way) and upon such public highway crossing, intending to back into the driveway, and then suddenly saw close upon him a train coming very fast on the northbound track. He jumped and was injured, and the truck was demolished; *held*, that plaintiff was a traveler upon the public highway crossing, even though intend-

ing to back into the driveway which the railroad company had invited him to use, and that he was entitled to assume, in the absence of any notice to the contrary, that the way was safe because the safety gates were open and stationary.

On appeal from the Supreme Court.

For the appellants, *Bourgeois & Coulomb.*

For the respondents, *Westcott & Weaver.*

The opinion of the court was delivered by

TRENCHARD, J.  Ralph Hendrickson, the plaintiff in one of these suits, was driving a truck for the B. F. Fowler Company, the plaintiff in the other suit, and was engaged in hauling his employer's merchandise from a freight car of the defendant railroad company, which the latter had placed upon its siding east of and adjacent to its main tracks, and hard by its Euclid avenue (public highway) crossing in the borough of Haddonfield, at which the railroad company had installed safety gates.

The railroad company had so arranged its premises that access to this freight car was had from that part of the crossing inside the safety gates and along a driveway on the railroad premises extending along the siding.

On the first trip, proceeding in a westerly direction, Hendrickson entered the crossing from Euclid avenue, stopped and made a backing turn down the railroad driveway to the freight car.  On the second trip he likewise proceeded in a westerly direction down the avenue and drove without warning through the open and stationary gates (at the edge of the right of way) and upon such public highway crossing, intending to back into the driveway, and then suddenly saw, close upon him, a train coming very fast on the northbound track.  He jumped and was injured and the truck was demolished.  The suits were tried together at the Camden Circuit, and the defendant appeals from the judgments entered upon the verdicts for the plaintiffs.

The complaints, among other things, count on negligence in letting the plaintiff, Hendrickson, on the tracks from the public highway through open and stationary gates without warning.

The grounds of appeal argued present only the narrow question hereafter to be stated. It is not disputed that the defendant railroad company, having assumed to install safety gates designed to· protect the traveling public at this`crossing, owed to travelers upon the public highway the duty of exercising ordinary care in the management of such gates. *Passarello* v. *West Jersey and Seashore Railroad Co.,* 98 *N. J. L.* 790.

The sole contention on this appeal is that the plaintiff, Hendrickson, was using the crossing in question for the purpose of conveniently turning or backing his truck, and not for the purpose of crossing the railroad from one side to the other, and, hence, was not a traveler upon the highway, nor such a traveler as was entitled to assume that the way was safe because the safety gates were open and stationary.

We think that contention is unsound.

Of course, this is not the case of a trespasser, or of one who enters upon a crossing from a railroad company's right of way, as in *James* v. *Delaware, Lackawanna and Western Railroad Co.,* 92 *N. J. L.* 149. Here the plaintiff, Hendrickson, was a traveler upon the public highway, and went upon the crossing from such highway. Certainly, he was a "traveler on the highway," and one whom these safety gates were designed to protect as he approached this crossing. The appellant contends that he lost such status because he intended to back into the driveway, and not to cross the railroad from one side to the other. But, we think, that is not so. The fact that plaintiff, in the execution of his business, did not have to drive *all the way* across is not determinative. He entered the railroad limits on a public highway, through the open and stationary gates, for the purpose of going somewhere, and that made him a "traveler" on the public highway crossing. If he had intended to drive entirely over the tracks for the purpose of turning and going back to the

freight car, he would have been a "traveler" on the highway crossing. The defendant railroad chose to furnish access to its driveway, which they had invited him to use, from inside the crossing gates. It chose to have its patrons, of whom Hendrickson was one, reach their cars *via* the crossing. And we think that the railroad owed him the duty it owed the highway travelers on the crossing. We think that Hendrickson was a traveler upon the public highway crossing, and was entitled to assume, in the absence of notice to the contrary, that the way was safe, because the safety gates were open and stationary. *Snuffin* v. *McAdoo,* 93 *Id.* 231. The statute of 1909 (*Pamph. L., p.* 137; *Comp Stat., p.* 4238, § 36*b*) in substance provides, among other things, that wherever, as here, any railroad has installed safety gates designed to protect the traveling public at any public highway crossing, any person approaching such crossing shall, during such hours as posted notice shall specify, be entitled to assume that such safety gates are in good and proper order, and will be duly and properly operated, unless a written notice "out of order" be posted, whereby such traveler will be warned of any danger in passing over the crossing. In the present case it is not pretended that the gates were out of order or that any such notice was given.

Both judgments will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 14.

*For reversal*—None.